Mark L. Javitch (California SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705

*Attorney for Plaintiff*
And those similarly situated

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | |
|---|---|
| **JANET FASOLINO**, individually, and on behalf of all others similarly situated, | § § § § § § § § § § § § § § § |
| Plaintiff, | Civil Action No.: 3:25-cv-164 |
| v. | **CLASS ACTION COMPLAINT** |
| **BOUNDLESS ENERGY INC.**, a Massachusetts Corporation, and **JOHN DOE** | |
| Defendants. | |

## PRELIMINARY STATEMENT

Plaintiff JANET FASOLINO, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant BOUNDLESS ENERGY INC. (hereinafter "Boundless" or "Defendant") to stop their illegal practice of sending unsolicited telemarketing calls through JOHN DOE to the telephones of consumers whose phone numbers were registered on the National Do Not Call Registry, and to obtain redress for all persons injured by their conduct. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse,* Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from and/or on behalf of Defendant Boundless. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and

experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorney.

## NATURE OF THE ACTION

1.      As part of their marketing, Defendant Boundless sent unsolicited phone calls through John Doe to thousands of consumers whose phone numbers were registered on the National Do Not Call Registry.

2.      Defendant Boundless's telemarketing campaign consists of using an artificial or prerecorded voice.

3.      Defendant Boundless did not obtain consent prior to sending these unsolicited calls, and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4.      Congress enacted the TCPA in 1991 in response to "a torrent of vociferous consumer complaints about intrusive robocalls."

5.      The TCPA instructed the Federal Communications Commission to "prescribe regulations to implement methods and procedures for protecting the privacy rights [of consumers] . . . in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers." 47 U.S.C. § 227(c)(2).

6.      The TCPA explicitly authorized the FCC to establish a "single national database" of telephone numbers belonging to those who object to receiving telephone solicitations. *Id*. § 227(c)(3).

7.      By sending these robocalls to people who have registered their phone numbers on the national do-not call database, Defendant Boundless violated the privacy and statutory rights of Plaintiff and the Class.

8.      Plaintiff therefore seeks an injunction requiring Defendant to stop its unconsented calling, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

2

## PARTIES

9.      Plaintiff Janet Fasolino is an individual residing in or near El Paso, County Texas and was present for all causes of action complained of herein within El Paso, Texas.

10.      Defendant Boundless is a corporation organized and existing under the laws of Massachusetts.

11.      Unnamed party John Doe is an unidentified telemarketing company making solicitation phone calls at the instruction, direction, and oversight of Defendant Boundless.

## JURISDICTION AND VENUE

12.      This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

13.      This Court has specific personal jurisdiction over Defendant Boundless because Boundless caused the violating calls to be sent to Plaintiff in this District.

14.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury occurred in this District.

## COMMON FACTUAL ALLEGATIONS

15.      Defendant Boundless offers solar panel systems to consumers.

16.      Defendant Boundless sent out unsolicited calls with an artificial or prerecorded voice soliciting Plaintiff and the putative class for Defendant Boundless's solar panel systems.

17.      Defendant Boundless failed to obtain consent from recipients, nor did they check the National Do Not Call registry.

## PLAINTIFF'S FACTUAL ALLEGATIONS

18.      Plaintiff is a natural person who resides in this District.

19.      Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

3

20.     Plaintiff's telephone number ending in -0893 is a residential number and is registered with a cellular telephone service.

21.     Plaintiff's telephone number ending in -0893 is her only number that she uses for personal purposes and is not associated with any business.

22.     Plaintiff successfully registered her telephone number ending in -0893 on the National Do-Not-Call Registry on August 25, 2005.

23.     Plaintiff never asked the National Do-Not-Call Registry administrator to remove her from the National Do-Not-Call Registry and Plaintiff was on the National Do-Not-Call Registry at all times relevant to this Complaint.

24.     Defendant Boundless offers solar panel systems to consumers in at least twenty-one different states that includes Texas according to its website https://boundlessinc.com.

25.     As part of its telemarketing campaign, Defendant Boundless hired and contracted with John Doe to generate new prospective leads for Boundless.

26.     John Doe is an unknown entity to Plaintiff at this time who will be revealed through discovery.

27.     Upon information and belief, John Doe is located offshore and out of the jurisdiction of the United States and the State of Texas.

28.     John Doe employs the use of an artificial or prerecorded voice as part of Defendant Boundless telemarketing campaign.

29.     Upon information and belief, Defendant Boundless approves of the artificial or prerecorded voice used by John Doe.

30.     Upon information and belief, Defendant Boundless instructs and gives interim instructions to John Doe by providing lead-qualifying instructions and lead volume limits.

31.     Upon information and belief, Defendant Boundless provides John Doe with a calling list that involves thousands of residential telephone numbers in the states that Boundless services.

4

32.     Upon information and belief, Defendant Boundless does not scrub their calling list against the National Do Not Call Registry as required by the FTC.

33.     Upon information and belief, Defendant Boundless determines the times in which the phone calls would be placed by John Doe to perspective consumers and which states to target as part of Boundless telemarketing campaign.

34.     Upon information and belief, Defendant Boundless makes substantial profit gains by generating new clients through illegal telemarketing.

35.     Upon information and belief, Defendant Boundless pays John Doe a commission fee for every new lead John Doe generates for Boundless.

36.     Plaintiff received at least two (2) unsolicited calls (hereinafter "the calls") to her telephone ending in -0893 from John Doe on behalf of Defendant Boundless as described below:

Call #1 – 2/5/2025 at 8:23 AM from caller ID (915) 336-2342
Call #2 – 2/19/2025 at 1:30 PM from caller ID (915) 975-6342

37.     Plaintiff answered each of the calls and heard the same exact artificial or prerecorded voice that stated:

"Hello? Are you there? Hi this is Olivia calling from Bright Energy how are you? We are reaching out to home owners in your neighborhood to explain how switching to solar energy can significantly lower your electricity bill are you the homeowner? That's great to hear you seem like a perfect candidate let me connect you with one of our specialists right away please hold on for a moment."

38.     The artificial or prerecorded voice in the alleged calls does not identify Defendant Boundless.

39.     The calls Plaintiff received were clearly pre-recorded because (a) they were sent with automated technology used to mask Caller IDs (b) they used a singular monotone voice (c) it was a generic message not personalized for the recipient (d) there was a pause prior to the recorded message being played.

40.     John Doe spoofed the caller IDs on the calls to Plaintiff's local area code in attempt to trick Plaintiff into thinking the calls were being made local.

41.    Plaintiff did not request information regarding solar panels and terminated the first call after hearing the artificial or prerecorded voice described in ¶ 37 of this complaint.

42.    On the second call, February 19, 2025, Plaintiff answered and again heard the same exact artificial or prerecorded voice described in ¶ 37 of this complaint.

43.    Plaintiff became aggravated by the calls and stayed on the line to investigate the call as it was the only way to ascertain who was behind the calls.

44.    Plaintiff was connected to a telemarketer named Sean with John Doe.

45.    Sean advised Plaintiff that the call was regarding solar panels that could help lower down her electricity bill.

46.    In order to qualify Plaintiff for Defendant Boundless's solar panel systems, Sean asked Plaintiff if she was the homeowner, the type of roof Plaintiff had, and how much her monthly electricity bill was.

47.    Sean advised Plaintiff that his solar specialists will go out to Plaintiff's home to provide an estimate for solar panels.

48.    Sean scheduled Plaintiff's solar appointment for Wednesday February 26, 2025, at 4:00 pm MST.

49.    Consistent with the appointment Sean scheduled Plaintiff for, Plaintiff received a call on February 26, 2025, from one of Defendant Boundless's sales representatives named Cesar Macias (hereinafter "Macias").

50.     Macias advised Plaintiff he was reaching out to her in regard to the appointment Sean scheduled and in attempt to solicit Plaintiff for solar panels on behalf of Defendant Boundless.

51.    Plaintiff received the following text message from Macias with his contact information.



52.    The text message Plaintiff received from Macias identified Defendant Boundless.

53.    John Doe generated Plaintiff's lead for Defendant Boundless through illegal telemarketing.

54.    Defendant Boundless willfully accepted Plaintiff's lead information from John Doe in an attempt to solicit Plaintiff for solar panels on behalf of Boundless.

55.    Plaintiff has never been a customer of Defendant Boundless and never knew who Defendant Boundless was prior to receiving the calls.

56.    The calls were nonconsensual encounters that were not made for emergency purposes.

57.     Upon information and belief, Defendant Boundless does not have a solicitation registration certificate on file with the Texas Secretary of State as required to make telephone solicitations to Texas residents either directly or through John Doe.

58.     Plaintiff is a Texas resident.

59.     The https://direct.sos.state.tx.us/telephone/telephonesearch.asp site ("Texas Registration Database") does not contain Defendant Boundless's registration.

60.     Defendant Boundless does not qualify for an exemption under § 302.053.

61.     Upon information and belief, Defendant Boundless employs outrageous, aggressive, and illegal sales techniques that violate multiple federal laws and state consumer statutes.

62.     Plaintiff never provided her prior express written consent to receive any of the calls.

63.     The calls were made to Plaintiff for the purpose of encouraging Defendant Boundless's solar panel systems.

64.     Upon information and belief, the calls were placed while knowingly ignoring the national do-not-call registry.

65.     Upon information and belief, the calls were placed without Defendant Boundless training its agents and/or John Doe on the use of an internal do-not-call policy.

66.     Plaintiff was harmed by the calls.

67.     Plaintiff was temporarily deprived of legitimate use of her phone because her privacy was improperly invaded. Moreover, the calls injured Plaintiff because they were frustrating, obnoxious, annoying, and were a nuisance and disturbed the solitude of Plaintiff.

//

//

//

//

//

8

## BASIS FOR LIABILITY

68.     Plaintiff realleges paragraphs one through sixty-seven and incorporates them herein as if set forth here in full.

69.     Even if Defendant Boundless did not personally make the TCPA violating calls to Plaintiff, they are liable for the TCPA violations under the following theories of vicarious liability: Actual Authority, Apparent Authority, or Ratification.

## ACTUAL AUTHORITY

70.     Plaintiff realleges paragraphs one through seventy and incorporates them herein as if set forth here in full.

71.     Defendant Boundless authorized and hired John Doe to generate prospective customers through illegal telemarketing calls.

72.     Accordingly, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." See In re Rules & Regulations Implementing the TCPA, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995) (emphasis added).

73.     In their January 4, 2008, ruling, the FCC reiterated that a company on whose behalf a telephone call is made bears the responsibility for any violations. Id. (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

74.     More specifically, the May 2013 FCC Ruling held that, even in the absence of evidence of a formal contractual relationship between the seller and the telemarketer, a seller is 4:23-cv-03055-JMG-MDN Doc # 1 Filed: 04/13/23 Page 7 of 11 - Page ID # 7 8 liable for telemarketing calls if the telemarketer "has apparent (if not actual) authority" to make the calls. 28 FCC Rcd at 6586 (¶ 34).

75.    John Doe solicited Plaintiff on behalf of Defendant Boundless. Accordingly, John Doe had Boundless's actual authority to solicit Plaintiff through illegal telemarketing calls.

## APPARENT AUTHORITY

76.    Plaintiff realleges paragraphs one through seventy-five and incorporates them herein as if set forth here in full.

77.    The May 2013 FCC Ruling further clarifies the circumstances under which a telemarketer has apparent authority:

> [A]pparent authority may be supported by evidence that the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including: access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information. The ability by the outside sales entity to enter consumer information into the seller's sales or customer systems, as well as the authority to use the seller's trade name, trademark and service mark may also be relevant. It may also be persuasive that the seller approved, wrote or reviewed the outside entity's telemarketing scripts. Finally, a seller would be responsible under the TCPA for the unauthorized conduct of a third-party telemarketer that is otherwise authorized to market on the seller's behalf if the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct. 28 CC Rcd at 6592 (¶ 46).

78.    Defendant Boundless authorized John Doe to generate prospective business for Boundless through illegal telemarketing.

79.    John Doe called and solicited Plaintiff for solar panel systems on behalf of Defendant Boundless. The integration of their sales efforts was so seamless that it appeared to Plaintiff that John Doe and Defendant Boundless appeared to be acting together as the same company.

10

80.    Plaintiff reasonably believed and relied on the fact that John Doe had received permission to sell, market, and solicit the services of Defendant Boundless.

81.    As a direct and proximate result of John Doe's illegal phone calls – which were made on behalf of and with the apparent authority of Defendant Boundless, Plaintiff and Class members suffered actual damages, including their time to answer the violating calls, depleted battery life, wasted time, invasion of their privacy and the nuisance of receiving the calls.

## **RATIFICATION**

82.    Plaintiff realleges paragraphs one through eighty-one and incorporates them herein as if set forth here in full.

83.    Defendant Boundless knowingly and actively accepted business that originated through the illegal calls placed by John Doe.

84.    By accepting these contacts with the robocall victims, John Doe "manifest[ed] assent or otherwise consent[ed] . . . to act" on behalf of Defendant Boundless, as described in the Restatement (Third) of Agency.

85.    John Doe called Plaintiff to solicit her for solar panel systems on behalf of Boundless.

86.    Defendant Boundless received Plaintiff as a new prospective customer from John Doe.

87.    Defendant Boundless ratified John Doe's TCPA violations by knowingly accepting the benefits of new customers and revenue despite the fact that the sale was generated through illegal calling.

88.    Defendant Boundless further ratified John Doe's TCPA violations by being aware of the violations, being willfully ignorant of the violations or by being aware that such knowledge was lacking.

11

89.     As a direct and proximate result of John Doe's illegal phone calls, Plaintiff and Class members suffered actual damages, including their wasted time to answer the violating calls, the monies paid to receive the calls, the depleted phone minutes available to them, invasion of their privacy and the nuisance of receiving the calls.

## INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF BOUNDLESS'S ACTIONS

90.     Plaintiff realleges paragraphs one through eighty-nine and incorporates them herein as if set forth here in full.

91.     The calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

92.     The calls harmed Plaintiff by trespassing upon and interfering with her use and enjoyment in her cellular telephone.

93.     The calls harmed Plaintiff by intruding upon her seclusion.

94.     Plaintiff has been harmed, injured, and damaged by the calls including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of her cell phone.

## CLASS ALLEGATIONS

95.     **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

  i.   **TCPA Class**.  All persons in the United States who: (1) from the last 4 years to present (2) Defendant Boundless called and/or any entity making calls on behalf of Defendant Boundless

  ii.  **Texas Subclass**.  All persons in Texas who: (1) from the last 4 years to present (2) Defendant Boundless called any and/or any entity making calls on behalf of Defendant Boundless

12

96.    The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

97.    **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but individual joinder is impracticable. On information and belief, Defendant sent unsolicited calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

98.    **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited calls.

99.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

100.    **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the

13

Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

101.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

a.   Whether the unsolicited calls were caused by Defendant Boundless;

b.   Whether the unsolicited calls promoted Defendant Boundless's products or services;

c.   Whether the unsolicited calls used an artificial or prerecorded voice message;

d.   Whether Defendant Boundless checked the phone numbers to be called against the National Do Not Call registry;

e.   Whether Defendant Boundless obtained written express consent prior to sending the unsolicited calls

f.   Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendant Boundless's conduct.

102.    **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by the Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies

presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

<u>First Cause of Action</u>
<u>Violation of 47 U.S.C. § 227(b)</u>
<u>Artificial or Prerecorded Voice</u>
<u>(On behalf of Plaintiff and the TCPA Class)</u>

103.    Plaintiff realleges paragraphs one through one-hundred and two and incorporates them herein as if set forth here in full.

104.    Defendant Boundless placed unsolicited phone calls through John Doe to Plaintiff and the Class members' cellular and/or residential telephones without having their prior express written consent to do so.

105.    The calls were made for the express purpose of soliciting consumers for Defendant Boundless's goods and services.

106.    When Plaintiff and the Class answered, the calls played an artificial or prerecorded voice to their cellular and/or residential phones as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

107.    As a result of its unlawful conduct, Defendant Boundless repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendant to stop its illegal calling campaign.

108.    Defendant Boundless made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

109.    If the court finds that Defendant Boundless willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

**Second Cause of Action**
**Violation of 47 U.S.C. § 227(c)**
**Do Not Call Provision**
**(On behalf of Plaintiff and the TCPA Class)**

110.    Plaintiff realleges paragraphs one through one hundred and nine and incorporates them herein as if set forth here in full.

111.    The telephone numbers of Plaintiff and the Class are registered on the National Do Not Call Registry.

112.    Defendant Boundless placed unsolicited phone calls to Plaintiff and the Class members' DNC registered telephones without having their prior written consent to do so.

113.    Defendant Boundless's actions constitute violations of 47 U.S.C. § 227(c) of the TCPA, by soliciting telephone numbers listed on the Federal Government's National Do Not Call Registry 47 C.F.R. § 64.1200(c)(2).

114.    Defendant Boundless's phone calls were made for the commercial purpose of soliciting Boundless's goods and services.

115.    As a result of its unlawful conduct, Defendant Boundless repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages.

116.    Plaintiff is entitled to an award of at least $500 in damages for each such violation (47 U.S.C. § 227(c)(5)(B)) or $1,500 if the violation is knowing or willful. 47 U.S.C. § 227(c)(5).

117.    Plaintiff also seeks a permanent injunction prohibiting Defendant Boundless from making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry.

**Third Cause of Action**
**Violations of The Texas Business and Commerce Code § 302.101**
**Failure to obtain a Telephone Solicitation Registration Certificate**
**(On behalf of Plaintiff and the Texas Subclass)**

118.    Plaintiff realleges paragraphs one through one hundred and seventeen and incorporates them herein as if set forth here in full.

16

119.    Defendant Boundless placed illegal solicitation sales calls through John Doe to Plaintiff and the putative class without having a valid telephone solicitation as required under Tex. Bus. Com. Code 302.101.

120.    Upon information and belief, the actions of the Defendant Boundless also violated Texas Business and Commerce Code § 302.101 by placing solicitation phone calls to a Texas resident without having a registration certificate and bond on file with the Texas Secretary of State.

121.    A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such.

122.    Upon information and belief, Plaintiff sent a notice of violation and request for remedy under Texas Business and Commercial Code § 17.505(a).

123.    As a result of the Defendant Boundless's violations of the Texas Business and Commerce Code § 302.101, Plaintiff may and does seek damages of up to $5,000.00 for each violation. Texas Business and Commerce Code § 302.302(a).

124.    As a result of the Defendant Boundless's violations of §302.101, Plaintiff seeks all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JANET FASOLINO, individually and on behalf of the Class, prays for the following relief:

A.    An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing her counsel as Class Counsel;

B.    An order declaring that Defendant's actions, as set out above, violate 227(b) of the TCPA;

C.    An order declaring that Defendant's actions, as set out above, violate 227(c) of the TCPA;

D.      An order declaring that Defendant's actions, as set out above, violate 302.101 of the Texas Business and Commerce code;

E.      An order declaring that Defendant's actions, as set out above, violate the TCPA willfully and knowingly;

F.      An award of $1500 per call in statutory damages arising from the TCPA §227(b) for each intentional violation;

G.      An award of $1500 per call in statutory damages arising from the TCPA §227(c) for each intentional violation;

H.      An order declaring that Defendant's actions, as set out above, violate the Texas Business and Commerce code willfully and knowingly;

I.      An award of $5,000 in statutory damages arising from the Texas Business and Commerce code 302.101 for each intentional violation;

J.      An injunction requiring Defendant to cease sending all unlawful calls;

K.      An award of reasonable attorneys' fees and costs; and

L.      Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: May 8, 2025          Respectfully submitted,

By:  /s/ Mark L. Javitch
Mark L. Javitch (California SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff and the Putative Class*

18